UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| TIMOTHY HUANG,<br><br>　　　　　　　　　Plaintiff,<br><br>-against-<br><br>WEI CHEN, WCH SYNERGY INVESTMENTS, LLC, and MIAMI DOLAR SHOP, LLC,<br><br>　　　　　　　　　Defendants. | Case No.: |

## COMPLAINT

Plaintiff Timothy Huang ("Plaintiff" or "Tim"), files this Complaint (the "Complaint") against Defendants WCH Synergy Investments, LLC ("WCH"), Miami Dolar Shop, LLC ("Miami Dolar"), and Wei Chen ("Chen," and collectively with WCH and Miami Dolar, the "Defendants.")

## NATURE OF ACTION

1.      Defendant Chen fraudulently induced Plaintiff into an EB5 Investment Immigration Service Agreement, dated October 7, 2017 (the "EB-5 Agreement") between Plaintiff and Defendant Chen's shell company, Defendant WCH, which reportedly owns 70% of Miami Dolar.  WCH has breached that contract and is unwilling or unable to refund Plaintiff's $500,000 investment, plus $24,000 in additional fees, as required by the EB-5 Agreement.

2.      Upon information and belief, Defendant Chen is a serial fraudster who has changed his name from He Yejun, a name that has appeared on an Interpol "most wanted" list of fugitives accused of economic crimes in China.  Upon information and belief, Defendant Chen fled to the United States after allegedly misappropriating funds from a Chinese brewery.  Upon information and belief, when in the United States, Defendant Chen defrauded investors seeking EB-5

1

investments, including investors in a fashion mall that went bankrupt. As part of the bankruptcy proceedings, the court ruled that the EB-5 investor's signature authorizing Defendant Chen had been forged.

## THE PARTIES

3. Plaintiff Timothy Huang is an individual. Timothy Huang is a resident and citizen of Ontario, Canada.

4. Defendant Wei Chen is an individual. Upon information and belief, Defendant Chen owns and operates WCH and resides in Ft. Lauderdale, Florida or Miami, Florida.

5. Defendant WCH Synergy Investments, LLC is a Florida limited liability company with offices located at 143 SE 1st Street, Unit 116, Fort Lauderdale, FL 33301.

6. Defendant Miami Dolar Shop, LLC is a Florida limited liability company with offices located at 801 Brickell Bay Drive, Unit 4CL41B, Miami, Florida 33131.

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1332 in that, without limitation, (a) the matter in controversy exceeds the sum of $75,000, excluding statutory interest, attorneys' fees and costs; and (b) the matter involves citizens of different states.

8. Venue is proper in this District because Defendant WCH Synergy Investments, LLC resides in or has offices in, Broward County.

9. Venue is also proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the Plaintiff's claims occurred in this District.

## FACTUAL BACKGROUND

10. The EB-5 visa program is part of the United States Immigration Laws, enforced by the United States Citizenship and Immigration Services ("USCIS"). The EB-5 program allows foreign citizens to obtain a green card, which can lead to permanent citizenship, through investments in the United States economy.

11. To invest in an EB-5 program, among other requirements: (a) a non-citizen must invest $500,000 or $1,000,000, depending on the type of investment, to finance a new commercial enterprise in the United States, (b) prove that the invested funds were put at risk, and (c) prove the investment created at least ten U.S. full-time jobs.

12. Plaintiff entered into the EB-5 Agreement and agreed to provide a $500,000 investment for a new commercial enterprise – Miami Dolar, and an additional $48,000 in agency costs, legal fees, and project management fees, for the purpose of obtaining a green card.

13. Pursuant to the EB-5 Agreement, if Plaintiff's application for an EB-5 visa was rejected, Plaintiff was entitled to a return of his $500,000 investment, plus 50% of all additional fees paid, within "60 working days" after receiving notice from immigration of denial.

14. Section IV.2 of the EB-5 Agreement provides:

> [If] the [EB-5] application cannot be submitted or the application is rejected, [WCH] is responsible for the full refund of the 500,000 US dollars EB5 investment in full without interest, within 60 working days after receiving notice from immigration; and refunding 50% of the project management fees and attorney's fee to [Plaintiff's] designated account.

15. Plaintiff is owed $524,000 (the "Repayment Amount"), exclusive of pre-judgment or post-judgment interest.

16. Upon information and belief, Defendant WCH is owned entirely by Defendant Chen. Defendant WCH owns 70% of Defendant Miami Dolar, a company used to acquire Da

3

Tang Unique Restaurant, LLC. Defendants proposed to use Plaintiff's investment to acquire a Cantonese Chinese food restaurant and convert it into a Sichuan "hot pot" restaurant.

17. Defendants alleged that Miami Dolar spent six months reconstructing and renovating the restaurant – with Plaintiff's EB-5 investment monies.

18. Defendants, including Chen and Defendants' agents, misrepresented to Plaintiff that funds would be available to refund to Plaintiff in the event Plaintiff's EB-5 application was denied.

19. Defendants, including Chen and Defendants' agents, also misrepresented to Plaintiff that Defendants would do what was necessary to apply for a green card on behalf of plaintiff, including by providing necessary materials and documents to satisfy the requirements of USCIS.

20. Upon information and belief, Defendants knew that WCH would be unable or unwilling to refund the Repayment Amount to Plaintiff.

21. Upon information and belief, Defendants also knew that they would be unable or unwilling to provide the documentation required by USCIS for the provision of a permanent green card to Plaintiff.

22. Plaintiff reasonably relied on Defendants' misrepresentations and was thereby induced to sign the EB-5 agreement with WCH.

23. On June 8, 2020, Plaintiff was notified of an Intent to Deny the EB-5 application. The USCIS officer was requiring further information, including information related to: (i) the failure to show the establishment of a new commercial enterprise; (ii) capital at risk, and (ii) job creation.

24. On or around November 19, 2020, Plaintiff's EB-5 I-526 application was denied.

25. In the USCIS's November 19, 2020 decision letter, the USCIS found that Defendants failed to present evidence to establish that Petitioner's funds were actively invested in a new commercial enterprise.

26. Further, the USCIS also found that the record did show Plaintiff's capital was at risk in the manner required for an EB-5 visa.

27. The USCIS also found that Defendants failed to submit evidence of new job creation and failed to even show any evidence to suggest the EB-5 investment was used by Miami Dolar to renovate the restaurant, including the fact that pictures submitted were exactly the same as the old store layout, and invoices submitted did not show a rebuild of a restaurant. Plaintiff was notified of the denial of the EB-5 application on or about December 7, 2020.

28. In December 2020, in coordination with counsel, Defendants began preparing to file an I-290 motion to object to the denial and reopen Plaintiff's EB-5 application.

29. Despite many requests, on January 14, 2021, Plaintiff was notified that Defendants were unable or unwilling to provide the necessary documents requested by the USCIS from Miami Dolar, as the new business enterprise.

30. After being notified of the denial of the I-290 motion on June 28, 2021, Plaintiff demanded a return of the $500,000 investment, plus an additional $24,000 representing 50% of the additional costs, for a total of $524,000 pursuant to Section IV.2 of the EB-5 Agreement.

31. Despite follow-up correspondence, Plaintiff did not hear back from Defendants until approximately a month later, on July 21, 2021, when Defendants admitted their liability and stated: "we do not have money to pay you back at this moment."

32. Plaintiff continued to contact Defendants to obtain the monies rightfully due and owing to him under the EB-5 Agreement. On October 5, 2021, at Defendants' request, Plaintiff

participated in a telephone call with Defendant Chen and Defendants' agent. During that telephone call, Defendant Chen promised to repay the overdue Repayment Amount in installments with interest.

33. Plaintiff never received a proposed repayment schedule despite Defendants' promises of repayment.

34. On October 31, 2021, Defendants' agent again admitted Defendants' liability to Plaintiff under the agreement and stated: "[Mr. Chen] does not have money to pay you back right away," and that "[h]e really need you give him extra times to schedule the payment that he can really afford to do."

35. In the October 31, 2021, correspondence, Defendants' agent also stated that Mr. Chen needed to obtain additional investors in order to have the monies available to pay back the Repayment Amount to Plaintiff.

36. Plaintiff was damaged by Defendants' misrepresentations because Defendants were unable or unwilling to provide the documentation requested by USCIS, leading to the denial of a green card for Plaintiff. Plaintiff has also been injured by Defendants' misrepresentations because Defendants are unable or unwilling to refund the Repayment Amount to Plaintiff.

37. Despite Defendants' admission that they owed Plaintiff the Repayment Amount, and despite Plaintiff's demands for payment, Defendants continue to wrongfully withhold those monies from Plaintiff.

38. Defendant Chen has hidden behind corporate forms for improper purposes.

39. Defendants WCH and Miami Dolar are mere instrumentalities or alter egos of Defendant Chen.

40. Defendants WCH and Miami Dolar engaged in "improper conduct" and/or a "fraudulent purpose" by taking Plaintiff's money and refusing to provide the information required to secure his visa.

41. Defendant Chen's improper or fraudulent use of the Defendants WCH and Miami Dolar caused damages to Plaintiff.

## FIRST CAUSE OF ACTION
### Breach of Contract
### (against Defendant WCH)

42. Plaintiff hereby adopts and incorporates by reference Paragraphs 1-41 as if fully stated herein.

43. The EB-5 Agreement constitutes a legal and binding agreement between Plaintiff and Defendant WCH.

44. Plaintiff has duly performed all of his obligations under the EB-5 Agreement.

45. Defendant has materially breached the terms of the EB-5 Agreement by failing to repay the Repayment Amount of $524,000 within sixty days of the denial of the EB-5 application.

46. Defendant WCH owed such repayment by August 27, 2021.

47. As a result of Defendant's breach, Plaintiff has been damaged in the sum of $524,000, plus statutory interest since August 21, 2021, plus attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### Fraud
### (against Defendants Chen and Miami Dolar, LLC)

48. Plaintiff hereby adopts and incorporates by reference Paragraphs 1-41 as if fully stated herein.

49. Defendants, including Chen and Defendants' agents, misrepresented to Plaintiff that the Repayment Amount of $524,000 would be available to refund to Plaintiff in the event Plaintiff's EB-5 application was denied.

50. Defendants, including Chen and Defendants' agents, also misrepresented to Plaintiff that Defendants would take actions to apply for a permanent green card on behalf of Plaintiff, including by providing necessary materials and documents to satisfy the requirements of USCIS. The ability or willingness to provide such information was a misrepresentation of material fact.

51. Upon information and belief, Defendant Chen knew that Defendants would be unable or unwilling to refund the Repayment Amount to Plaintiff. The ability or willingness to make such a refund was a misrepresentation of material fact.

52. Upon information and belief, Defendant Chen also knew that WCH would be unable or unwilling to provide the documentation required by USCIS for the provision of a permanent green card to Plaintiff.

53. Defendant Chen's misrepresentations and omissions of material fact were made with the intention that Plaintiff would rely upon such statements.

54. Plaintiff reasonably relied on Defendant Chen's material misrepresentations or omissions, and Plaintiff was thereby induced to sign the EB-5 agreement with WCH and provide money that was used by Defendants.

55. Plaintiff reasonably relied on Defendant Chen's material misrepresentations and omissions when Plaintiff agreed to enter into the EB-5 Agreement and invest $500,000 and advance and an additional $48,000 in costs.

56. Plaintiff was damaged as a result of his reasonable reliance on Defendant Chen's intentional and material misrepresentation or omissions.

57. As a result of Defendant Chen's fraud, Plaintiff has suffered economic damages in the amount of $524,000, attorneys' fees and costs.

58. Defendant Miami Dolar is a mere instrumentality or alter ego of Defendant Chen.

59. Defendants Miami Dolar engaged in "improper conduct" or a "fraudulent purpose" by taking Plaintiff's money and refusing to provide the information required to secure his visa.

60. Defendant Chen's improper or fraudulent use of Miami Dolar caused damages to Plaintiff of at least $500,000 plus statutory interest and costs.

### THIRD CAUSE OF ACTION
### Unjust Enrichment
### (against all Defendants)

61. Plaintiff hereby adopts and incorporates by reference Paragraphs 1-41 as if fully stated herein.

62. Plaintiff conferred a benefit on Defendants when he invested $500,000, plus an additional $48,000 in costs.

63. Defendants accepted the benefit voluntarily without coercion or requested the benefit.

64. Defendants did not pay or otherwise offer the Plaintiff compensation for the benefit.

65. The flow of benefit from Plaintiff to the Defendants without recompense to the Plaintiff is inequitable.

66. This is especially so because Defendants failed to submit required materials on behalf of Plaintiff for the EB-5 application such that Plaintiff's application was ultimately denied.

67. Despite written promises to repay Plaintiff his investment, Defendants have wrongfully withheld those funds and unjustly enrichment themselves by at least $500,000.

68. As a result of the foregoing, Plaintiff has suffered economic damages in the amount of at least $500,000 plus statutory interest and costs.

**WHEREFORE**, Plaintiff demands judgment as follows:

A. On the First Cause of Action, damages against Defendant WCH in the amount of $548,000 plus statutory interest, attorneys' fees, and costs;

B. On the Second Cause of Action, damages against Defendant Chen in the amount of $548,000 plus statutory interest, and costs;

C. On the Third Cause of Action, damages against all Defendants in the amount of $500,000 plus statutory interest, and costs; and

D. Such other and further relief as is just and proper.

Dated: February 16, 2022                          Respectfully submitted,

MINTZ & GOLD LLP
*Counsel for Plaintiff Timothy Huang*

By: /s Charles Ross
    Charles Ross
    Fla. Bar No. 86558
    ross@mintzandgold.com
    600 Third Avenue, 25th Floor
    New York, New York 10016
    Tel.: (212) 696-4848

RUSSOMANNO & BORRELLO, P.A.
*Local Counsel for Plaintiff Timothy Huang*
Museum Tower – PH 2800
150 West Flagler Street
Miami, Florida  33130
Telephone: (305) 373-2101
Facsimile: (305) 373-2103

By: /s/ Herman J. Russomanno III
    Herman J. Russomanno III
    Fla. Bar No. 21249
    herman2@russomanno.com