UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-60354-DIMITROULEAS/VALLE

TIMOTHY HUANG,

    Plaintiff,

v.

WEI CHEN a/k/a Yejun He,
WCH SYNERGY INVESTMENTS, LLC,
and MIAMI DOLAR SHOP, LLC,

    Defendants.
_____

### REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court upon Plaintiff's Rule 37(b)(2)(A)(vi) Motion for Default Judgment Against Defendant Chen (ECF No. 84) (the "Motion"). United States District Judge William P. Dimitrouleas referred all pretrial discovery motions for appropriate disposition.[1] (ECF No. 62 at 6). Upon review of the Motion, and the record in this matter, the undersigned recommends that Plaintiff's Motion be **GRANTED** for the reasons discussed below.

### I.    BACKGROUND

Plaintiff alleges claims of fraud, unjust enrichment, and misrepresentation against Defendants based on an EB-5 Investment Immigration Service Agreement (as defined in the Third Amended Complaint). *See generally* (ECF No. 55). The background and procedural history of this case have been summarized in the Court's prior Orders, which are incorporated by reference. *See, e.g.*, (ECF No. 42) (Order on Motion to Dismiss); (ECF No. 59) (Order Denying Defendant Chen's Motion to Dismiss); (ECF No. 70) (Order Staying Action as to Defendant Wei Chen a/k/a Yejun He, WCH Only); (ECF No. 78) (Omnibus Order Granting Motion to Withdraw; Resetting Pretrial

---

[1] The Motion seeks a default final judgment based on alleged discovery violations and thus falls within the referral for discovery-related matters. *See generally* (ECF No. 84).

Deadlines, Trial Date, and Calendar Call); (ECF No. 85) (Order Granting Plaintiff's Motion for Final Default Judgment Against Defendants WCH Synergy Investments, LLC and Miami Dolar Shop, LLC); (ECF No. 86) (Default Judgment Against Defendants WCH Synergy Investments, LLC and Miami Dolar Shop, LLC) *see also* (ECF No. 55) (Third Amended Complaint); (ECF No. 60) (Defendant Chen's Answer and Affirmative Defenses); (ECF No. 90) (Plaintiff's Response to Order to Show Cause).

According to the Third Amended Complaint, Defendant Chen has hidden behind corporate forms (WCH and Miami Dolar) and uses the corporate Defendants as alter egos. (ECF No. 55 ¶¶ 101-14). The Court previously entered Default Judgments against the two corporate Defendants for failure to obtain counsel. *See* (ECF Nos. 85, 86). Thus, the only remaining Defendant in the case is the individual Wei Chen a/k/a Yejun He.

Most recently, in response to the District Judge's Order to Show Cause why the parties had not filed a mediation report, Plaintiff advised that Defendant Chen "has ceased participating in this case." (ECF No. 90); *See also* (ECF No. 91) (Plaintiff's Supplemental Response to Order to Show Cause). Accordingly, Plaintiff requests that the Court grant Plaintiff's Motion, which seeks a default judgment against Defendant Chen under Federal Rule of Civil Procedure 37(b)(2)(A)(vi) for noncompliance with Court Orders regarding discovery. *See generally* (ECF Nos. 84, 90).

## II.   LEGAL STANDARDS

### A.   Rule 37 Sanctions for Noncompliance with Court Orders

In relevant part, Federal Rule of Civil Procedure 37 states that if a party fails to obey an order to provide or permit discovery, the court where the action is pending may "issue further just orders." Fed. R. Civ. P. 37(b)(2)(A); *see also United States v. Varnado*, 447 F. App'x 48, 51 (11th Cir. 2011) ("Rule 37 permits the district court to render a default judgment against a party who fails to comply with court orders regarding discovery."). Sanctions may include, among other things, the direction

that certain facts be taken as established, entry of default judgment, or finding the failure to obey to be contempt of court. *See id.* at 50*; see also Thornton v. Hosp. Mgmt. Assocs., Inc.*, 787 F. App'x 634, 638 (11th Cir. 2019). These sanctions are intended to: (i) compensate the court and parties for the added expenses caused by discovery abuses; (ii) compel discovery; (iii) deter others from engaging in similar conduct; and (iv) penalize the offending party or attorney. *Thornton*, 787 F. App'x at 638 (citations omitted). Before a District Court imposes the sanction of default judgment, the Court must find a willful or bad faith failure to comply with its discovery orders. *Id.* The District Court must also determine that lesser sanctions would not serve the interests of justice. *Varnado*, 447 F. App'x at 51. A court, however, need not first impose lesser sanctions if those sanctions would be ineffective. *Thornton*, 787 F. App'x at 638 (citations omitted).

### B. Rule 55 Default Judgment

Also relevant to the instant Motion is Federal Rule of Civil Procedure 55. Under Rule 55(b)(2), this Court may enter a final judgment of default against a defendant who has failed to plead or defend. Fed. R. Civ. P. 55(b)(2); *see also Surtain v. Hamlin Terrace Found*, 789 F.3d 1239, 1244 (11th Cir. 2015). A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact [in the complaint], is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[2] "Although a plaintiff generally does not need to include detailed allegations in the complaint, the plaintiff must assert more than just conclusory statements or a 'formulaic recitation of the elements of a cause of action.'" *Childs v. Commercial Recovery Sys., Inc.*, No. 13-CV-21923, 2014 WL

---

[2] Pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

12860594, at *2 (S.D. Fla. Feb. 24, 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Because a defendant admits only those facts that are well pled, the default itself does not create the basis for entry of final default judgment. *Nishimatsu*, 515 F.2d at 1206; *Childs*, 2014 WL 12860594, at *1 (a motion for default judgment "is not granted as a matter of right"). Instead, a court must determine whether the factual allegations are well-pled and provide a sufficient basis for the judgment. *Nishimatsu*, 515 F.2d at 1206; *see also Grant v. Wash. Recovery Servs., LLC*, No. 13-CV-62216, 2014 WL 11706459, at *2 (S.D. Fla. Jan. 29, 2014). Moreover, a defaulting defendant does not admit allegations that are mere conclusions of law. *Transamerica Corp. v. Moniker Online Servs.*, LLC, No. 09-CV-60973, 2010 WL 1416979, at *1 (S.D. Fla. Apr. 7, 2010) (citing *Nishimatsu*, 515 F.2d at 1206); *see also Childs*, 2014 WL 12860594, at *1. Lastly, before entering a default judgment, the Court must ensure that it has jurisdiction over the claims. *Innovative Sports Mgmt., Inc. v. Sulca*, No. 20-CV-20203, 2020 WL 3183243, at *2 (S.D. Fla. June 15, 2020) (citing *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007)).

### III.   DISCUSSION

#### A.   Jurisdiction

According to the Third Amended Complaint, this Court has jurisdiction over the claims in the case pursuant to 28 U.S.C. § 1332. *See* (ECF No. 55 ¶¶ 8-10). More specifically, Plaintiff alleges that the matter in controversy exceeds $75,000 and involves citizens of different states. *Id.* Plaintiff is allegedly a resident and citizen of Ontario, Canada. *Id.* ¶ 3. Defendant allegedly resides in Aventura, Florida. *Id.* ¶ 4. Accordingly, based on the allegations in the Third Amended Complaint, the undersigned is satisfied that the Court has jurisdiction to enter a default final judgment in this action.

#### B.   Default Judgment for Noncompliance with Court Orders Under Rule 37

When a party refuses to participate in discovery, the court may issue an order compelling the disclosure and for appropriate sanctions. Fed. R. Civ. P. 37(a)(3)(A). If a party then disobeys the court's order, more severe sanctions are available, including the entry of a default judgment. Fed. R. Civ. P. 37(b)(2)(C). Here, in April 2023, the District Judge ordered Defendants (including Defendant Chen) to "serve Amended written Responses to Plaintiff's Requests for Production by April 21, 2023." (ECF No. 68 at 1) (the "April 2023 Order"). Within hours of the Court's April 2023 Order, Defendant Chen filed a Suggestion of Bankruptcy. (ECF No. 69). The next day, the District Judge stayed the action as to Defendant Chen. (ECF No. 70).

Subsequently, the Bankruptcy Court dismissed Defendant Chen's bankruptcy case for failure to appear at the required meeting of creditors. *See In re Wei Chen*, No. 23-12720 (Bankr. S.D. Fla. May 8, 2023) (ECF No. 23). Thereafter, upon Plaintiff's motion, the District Court lifted the bankruptcy stay as to Defendant Chen. (ECF No. 74). In late May 2023, the Court granted defense counsel's unopposed motion to withdraw. *See generally* (ECF No. 78). The Court presumed that Defendant Chen would be representing himself in the action.[3] *Id.* at 2. The instant Motion followed. To date, Defendant Chen has failed to respond to the Motion and has not otherwise appeared in this case. *See* (ECF No. 91) (confirming that Plaintiff has received no response from Defendant Chen to recent inquiries regarding participating in mediation). According to the Motion, although in June 2023, Plaintiff's counsel and Defendant Chen exchanged correspondence regarding discovery and to schedule Defendant's deposition, Plaintiff asserts that it has heard nothing from Defendant Chen since then. (ECF Nos. 84 at 3, 91 at 1). Defendant Chen has neither responded to Plaintiff's discovery requests nor appeared for deposition or mediation. *Id.*

---

[3] Defendant Chen's pro se status does not exempt him from his defense obligations. *Varnado*, 447 F. App'x at 49 ("Although pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed, pro se litigants still have to comply with procedural rules.").

5

Based on this unchallenged sequence of events, the undersigned finds that Defendant Chen has: (i) refused to comply with this Court's April 2023 Order regarding discovery; (ii) has not defended the action since his lawyer withdrew; and (ii) has failed to appear or otherwise participate in the litigation. Given his failure to respond and/or comply with the Court's Orders, the Court finds Defendant Chen's conduct is willful and in bad faith. *Thornton*, 787 F. App'x at 638. Further, as the Court has already entered a Final Default Judgment against the corporate Defendants and has given Defendant Chen ample time and opportunity to comply with his defense obligations, the undersigned finds that lesser sanctions would be ineffective against Defendant Chen. *See, e.g.*, *Vornado*, 447 F. App'x at 3 (concluding that defendant's repeated failure to comply with discovery orders supported the drastic sanction of a default judgment). Accordingly, the undersigned recommends that the Court grant Plaintiff's request for sanctions of a default judgment against Defendant Chen for violations of Rule 37.

The undersigned next determines whether the factual allegations are well-pled and provide a sufficient basis for the judgment. *Nishimatsu*, 515 F.2d at 1206.

### C.   Common Law Fraud (Count II)

In Count II, Plaintiff alleges fraud against Defendant Chen. (ECF No. 55 ¶¶ 121-29). Under Florida law, the elements of common law fraud are: (i) a false statement of fact; (ii) known by the person making the statement to be false at the time it was made; (iii) made for the purpose of inducing another to act in reliance thereon; (iv) action by the other person in reliance on the correctness of the statement; and (v) resulting damage to the other person. *Gustin v. Bank*, 859 F. App'x 889, 891 (11th Cir. 2021).

Here, Plaintiff alleges that "[Defendant] Chen intended to, and did in fact, make material misrepresentations of fact to Plaintiff [through third parties] and directly to Plaintiff through in-person conversations, phone calls, texts, emails, and documents created and sent to Plaintiff at

[Defendant] Chen's direction. (ECF No. 55 ¶ 122). Plaintiff identifies the alleged material misrepresentations. *Id.* ¶ 123. Plaintiff further alleges that Defendant Chen's "willful and wanton misrepresentations and omissions of material fact . . . were made with the intention that Plaintiff would rely upon such statements." *Id.* ¶ 124. Plaintiff also alleges that he reasonably relied upon Defendant Chen's material misrepresentations and agreed to enter in the EB-5 Agreement and invest $500,000. *Id.* ¶¶ 125-26. Lastly, Plaintiff alleges that he has suffered economic damages in the amount of $575,000 plus statutory interest and costs. *Id.* ¶ 129.

Based on these allegations, which are deemed admitted upon Defendant Chen's default for failing to comply with Court Orders, Plaintiff has satisfied the elements to establish a claim for common law fraud.

### D.  Negligent Misrepresentation (Count V)

In Count V, Plaintiff alleges negligent misrepresentation against Defendant Chen. (ECF No. 55 ¶¶ 147-52). Under Florida law, a claim of negligent representation requires that: (i) there was a misrepresentation of material fact; (ii) the representer either knew of the misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false; (iii) the representer intended to induce another to act on the misrepresentation; and (iv) injury resulted to a party acting in justifiable reliance upon the misrepresentation. *Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Cos., Inc.*, 607 F.3d 742, 747 (11th Cir. 2010).

In the Third Amended Complaint, Plaintiff identifies specific misrepresentations and alleges that Defendant Chen negligently made the materially false misrepresentations to Plaintiff. (ECF No. 55 ¶¶ 148-49). Plaintiff further alleges that Defendant Chen: (i) knew or should have known that all of these misrepresentations were false; and (ii) intended to induce Plaintiff to rely upon the misrepresentations to obtain $575,000 of Plaintiff's EB-5 investment monies, and to

forestall Plaintiff's collection efforts based on Defendant Chen's assurances that Defendants could still obtain a visa for Plaintiff. *Id.* ¶¶ 150-51. Plaintiff also alleges that, as a result of Defendant Chen's misrepresentations, Plaintiff has suffered $575,000 in economic damages, plus statutory interest and costs. *Id.* ¶ 152.

Based on these allegations, which are deemed admitted upon Defendant Chen's default for failing to comply with Court Orders, Plaintiff has satisfied the elements to establish negligent misrepresentation.

### E.     Negligence (Count VI)

In Count VI, Plaintiff alleges a negligence cause of action against Defendant Chen. (ECF No. 55 ¶¶ 153-56). Under Florida law, to prevail on a negligence claim, Plaintiff must prove: (i) a duty or obligation, recognized by the law, requiring the defendant to conform to a certain standard of conduct, for the protection of others against unreasonable risks; (ii) a failure on the defendant's part to conform to the standard required (i.e., a breach of the duty); (iii) a reasonably close causal connection between the conduct and the resulting injury (i.e., what is commonly known as legal cause, or proximate cause); and (iv) actual loss or damage. *Hodges v. United States*, No. 22-12316, 2023 WL 5338456, at *6 (11th Cir. Aug. 18, 2023).

Count VI of Plaintiff's Third Amended Complaint alleges that Defendant Chen assumed and owed a duty to Plaintiff to use reasonable care in procuring an EB-5 visa and returning Plaintiff's money to him regardless of whether Plaintiff's visa application was granted or denied. (ECF No. 55 ¶ 154). Plaintiff further alleges several instances of Defendant Chen's breach of his duty. *Id.* ¶ 155. Lastly, Plaintiff alleges that as a result of Defendant Chen's negligence, Plaintiff has suffered at least $575,000 in economic damages, plus statutory interest and costs. *Id.* ¶ 156.

Based on these allegations, which are deemed admitted upon Defendant Chen's default for failing to comply with Court Orders, Plaintiff has satisfied the elements to establish a negligence cause of action.

Accordingly, Plaintiff's Motion for a default judgment against Defendant Chen should be granted based on Defendant Chen's failure to comply with Court Orders. Additionally, Plaintiff has sufficiently plead the claims for fraud (Count II), negligent misrepresentation (Count V), and negligence (Count VI).

F.  **Attorney's Fees Incurred in Connection with the Motion**

Plaintiff also requests its reasonable attorney's fees incurred in connection with the Motion, pursuant to Federal Rule of Civil Procedure 37(b)(2)(C). (ECF No. 84 at 4). The Motion, however, does not request a specific amount in fees and counsel did not provide billing records or counsel's qualifications. Nevertheless, the Court is considered an expert on hourly rates in the community and may properly consider its own knowledge and experience concerning reasonable and proper fees. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988); *Anderson v. Alasfar*, No. 20-CV-62557 (S.D. Fla. Feb. 2, 2023) (granting $1,500 in fees for motion to enforce a settlement based on the Court's expertise); *Desantis v. Atwood*, No. 20-CV-62004, 2022 WL 787973, at *3 (S.D. Fla. Mar. 2, 2022) (reducing attorney's hourly rate based on the Court's knowledge, experience, and independent judgment).

Here, the Motion was filed by attorney Herman J. Russomano as local counsel. *Id.* at 5. According to the Florida Bar, attorney Russomano was admitted to practice in Florida in 2006 and is a partner at Russomano & Borello, P.A. *See* https://www.russomanno.com/attorneys/herman-j-russomanno-iii/ (last visited Sept. 14, 2023). Thus, attorney Russomano has significant legal experience. Moreover, the legal skills needed in this case fall within the usual realm of corporate litigation. Accordingly, based on this record and using the Court's independent judgment, the

undersigned recommends that Plaintiff be awarded $1,875 in attorneys' fees incurred in connection with the Motion.[4]

### IV. RECOMMENDATION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that Plaintiff's Rule 37(b)(2)(A)(vi) Motion for Default Judgment Against Defendant Chen (ECF No. 84) be **GRANTED**. Within **two business days** of the date of this Report and Recommendation ("R&R"), Plaintiff must: (i) serve Defendant Chen with a copy of the R&R and file a Notice of Compliance with proof of service; and (ii) file a proposed default final judgment against Defendant Chen for the District Judge's consideration.

Within **14 days** after being served with a copy of this R&R, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2022); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida on September 14, 2023.

                                                    *[signature]*
                                                    ALICIA O. VALLE
                                                    UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Willliam P. Dimitrouleas
      All Counsel of Record

---

[4] This amount is based on an estimated 5 hours incurred in connection with the Motion, at a rate of $375/hour. *See, e.g.*, *M&M Priv. Lending Grp., LLC v. M/Y Ciao Bella*, No. 19-CV-62350, 2020 WL 5499102, at *3 (S.D. Fla. Sept. 3, 2020) (recommending $300/hr for an attorney with more than 40 years of experience), *report and recommendation adopted*, 2020 WL 5500734 (S.D. Fla. Sept. 11, 2020); *Alexandre v. Millenia Housing Mngm't Ltd.*, No. 19-CV-80612 (S.D. Fla. Mar. 4, 2020) (ECF No. 62) (recommending award of $400/hr to attorney with 39 years of experience).